Mr. Robert H. Berntsson Punta Gorda City Attorney City Hall 326 West Marion Avenue Punta Gorda, Florida 33950-4492
Dear Mr. Berntsson:
You ask substantially the following question:
May volunteers be designated pursuant to Chapter 162, Florida Statutes, as code enforcement officers?
In sum:
Volunteers may be designated pursuant to Chapter 162, Florida Statutes, as code enforcement officers.
Part I, Chapter 162, Florida Statutes, the "Local Government Code Enforcement Boards Act,"[1] authorizes municipalities and counties to create by ordinance code enforcement boards for the enforcement of their local codes. Part I of Chapter 162 is a supplemental means of obtaining compliance with local codes and "[n]othing contained in ss. 162.01-162.12
shall prohibit a local governing body from enforcing its codes by any other means."[2]
Under Part I, a "code inspector" initiates enforcement proceedings before the code enforcement board.[3] The code inspector notifies a violator of a violation and gives him a reasonable time to correct it. If the violation continues, the inspector notifies the code enforcement board and requests a hearing. The remainder of the enforcement procedure is carried out by the code enforcement board.[4] Section 162.04(2), Florida Statutes, defines a "Code inspector" to mean "any authorizedagent or employee of the county or municipality whose duty it is to assure code compliance." (e.s.)
Part II, Chapter 162, Florida Statutes, sets forth further procedures for the enforcement of county or municipal codes. Section 162.21(2), Florida Statutes, provides:
"A county or a municipality may designate certain of its employees oragents as code enforcement officers. The training and qualifications of the employees or agents for such designation shall be determined by the county or the municipality. Employees or agents who may be designated as code enforcement officers may include, but are not limited to, code inspectors, law enforcement officers, animal control officers, or firesafety inspectors. Designation as a code enforcement officer does not provide the code enforcement officer with the power of arrest or subject the code enforcement officer to the provisions of ss. 943.085-943.255. . . ." (e.s.)
Nothing in Chapter 162, Florida Statutes, requires that a code inspector or code enforcement officer be an employee or compensated for performing the duties of ensuring compliance with the city's code and ordinances. Rather section 162.04(2), Florida Statutes, defining "code inspector," and section 162.21, Florida Statutes, describing "code enforcement officers," refer to "agents" of the municipality.[5] While section 162.21
states that code enforcement officers may include code inspectors, law enforcement officers, animal control officers or firesafety inspectors, it does not limit code enforcement officers to such individuals. The statute, however, does provide for the municipality to prescribe the training and qualifications of such agents who may be designated as code enforcement officers.
In Attorney General Opinion 92-36 this office concluded that the Secretary of the Department of Elder Affairs was authorized to appoint a volunteer to serve as the "chief internal auditor" for the department. In Attorney General Opinion 76-188 this office noted that a critical feature of an agency relationship is the right of the principal to control the actions of the agent with regard to the details of the task to be accomplished. An agency relationship is created by consent of the parties and does not require consideration or compensation to the agent. Thus, that opinion concluded that volunteer private institutions acting on behalf of the Department of Health and Rehabilitative Services and subject to its monitoring and control were agents of the State of Florida in the administration of the swine flu vaccine.[6]
I note that in Attorney General Opinion 00-36 this office concluded that volunteers could not be used to issue citations for violations of the city's shoreline protection ordinance, which establishes certain speed limits on the waterways within the city limits. Such a conclusion, however, was based upon an examination of the city ordinance that provided for enforcement by "every law enforcement agency in this state which enforces the laws of the state regulating the operation of vessels," and section 327.70(1), Florida Statutes, which provides that Chapter 327 and Chapter 328 "shall be enforced by the Division of Law Enforcement of the Fish and Wildlife Conservation Commission and its officers, the sheriffs of the various counties and their deputies, and any other authorized law enforcement officer, all of whom may order the removal of vessels deemed to be an interference or a hazard to public safety, enforce the provisions of this chapter and chapter 328, or cause any inspections to be made of all vessels in accordance with this chapter and chapter 328."
Thus, this office concluded that volunteers could not be used to enforce the municipal ordinance or those areas regulated by Chapters 327 and328, Florida Statutes.
Presuming that, as was the case in Attorney General Opinion 00-36, neither the ordinances being enforced by volunteer code enforcement officers nor the underlying statutes do not specify who may enforce their provisions, I am of the opinion that volunteers may be designated pursuant to Chapter 162, Florida Statutes, as code enforcement officers to enforce the city's code and ordinances.
Sincerely,
Richard E. Doran Attorney General
RED/tjw
[1] Section 162.01, Fla. Stat.
[2] Section 162.13, Fla. Stat.
[3] Section 162.06, Fla. Stat.
[4] Sections 162.06-162.08, Fla. Stat.
[5] Cf., Op. Att'y Gen. Fla. 94-40 (1994) (code enforcement officer established under Ch. 162, Fla. Stat. is not an "officer" for purposes of the dual office holding prohibition in Art. II, section 5(a), Fla. Const.).
[6] Compare, Op. Att'y Gen. Fla. 86-65 (1986) concluding that volunteers transporting students and equipment to school activities who were not under the direction and control of the school board or the superintendent were not governmental employees or agents for purposes of s. 768.28, Fla. Stat.